THE STATE ex rel. HOWARD et al., Appellants, v.
GORDON et al.

*Division One, June 19, 1906.*

1. **SPECIAL ROAD DISTRICTS: In Counties Having Township Organization.** Article 10 of chapter 151, Revised Statutes 1899, in reference to special road districts, does not apply to counties which have adopted township organization. The provisions of that law apply to counties having county organization pure and simple.

2. ————: ————: **Different Legislative Intent.** A legislative intent to make article 10 of chapter 151 applicable to counties having no township organization, and the township organization act applicable to counties having township organization, is apparent from the face of the acts themselves, as is shown by an examination of the distinct and diverse governmental operation prescribed by each. And where such legislative intent is clearly gathered from the acts themselves, nothing further need be done by the courts than to declare such intent.

3. ————: ————: **Construction By Legislature.** The act of 1901 (Laws 1901, p. 237) was a legislative declaration that article 10 of chapter 151 is not to apply to counties which have adopted township organization.

Appeal from Vernon Circuit Court.—*Hon. J. B. Johnson,* Special Judge.

Affirmed.

*Scott & Bowker* for appellants.

Whenever any of the territory in a county is organized into a special road district, under and by virtue of the provisions of article 10 of chapter 151, Revised Statutes 1899, the road commissioners for such special road district become entitled to the absolute control of the roads in said district; and become entitled to the tools, machinery, and funds belonging to said district. Secs. 9609, 9610, R. S. 1899. The relators in this case were entitled to proceed by mandamus un-

der the facts in this case. State ex rel. v. Dougherty, 45 Mo. 294; State ex rel. v. Renick, 157 Mo. 292.

*Homer M. Poage* and *Irvin Gordon* for respondents.

(1) The allegations of the alternative writ of mandamus fail to show that there is any law or statute requiring or making it the duty of the respondents to pay over any money or to deliver any property to relators. Mandamus lies to compel the performance of a plain duty, and the writ will issue only when the relator has a clear right to the relief sought and no other remedy. State ex rel. v. Newman, 91 Mo. 451. (2) Mandamus will not issue where it is doubtful whether respondent has the right by law to do the act sought to be compelled. 13 Am. and Eng. Ency. Law, 493, 494. (3) It is impossible to enforce the provisions of article 10, chapter 151, Revised Statutes 1899 (special road district law) in counties having adopted township organization, and it was therefore not the intention of the Legislature that the same should be applicable to such counties. (4) In construing a statute the effect and consequences of the law may properly be considered as an aid in ascertaining the probable intention of the lawgiver as expressed in it. Bower v. Smith, 111 Mo. 45; State ex rel. v. Slover, 126 Mo. 652.

GRAVES, J. — Relators, who constitute the commissioners of "The Nevada Special Road District" in Vernon county, Missouri, bring this action of mandamus to compel respondents, who constitute the township board of Center township, in said county, to turn over to them five-sixths of twelve hundred dollars and five-sixths of certain other personal property alleged to be held by said respondents for the road districts of said Center township. The petition was filed at the May term, 1905, and the alternative writ issued.

Respondents filed motion to quash the alternative writ, which being by the court sustained, relators appealed to this court.

The alternative writ is lengthy and in substance the facts recited therein, which were taken from the petition, are as follows: That on November 8, 1898, Vernon county adopted the Township Organization law, and from that time on has been and still is acting under that law; that on January 17, 1905, at an election held for that purpose, article 10 of chapter 151, Revised Statutes 1899, was duly adopted by the voters in a special road district composed of congressional sections 19 to 36 inclusive, in Washington township (being congressional township 36, of range 31), and congressional sections 1 to 30 inclusive, in Center township (being congressional township 35, of range 31), and also congressional sections 1, 2, 11, 12, 13, 14, 23, 24, 25 and 26 in Deerfield township (being congressional township 35, of range 32), and also congressional sections 23, 24, 25, 26, 35 and 36 in Lake township (being in congressional township 36, of range 32), all in Vernon county, Missouri, being a district eight miles square; that there was in said district a city containing 7,461 inhabitants, the city of Nevada; that said district created as above, and composed of the territory as above indicated, organized according to law under the name of ''The Nevada Road District;'' that the relators were the duly appointed commissioners of said road district, W. D. Howard being chairman, H. M. Duck, treasurer, and D. L. Thornton, secretary; that the respondents were the duly elected and qualified members of the township board of Center township, five-sixths of which territory was included in said road district; that said township board, through its treasurer, C. A. Yater, had and held as a road and highway fund of said township the sum of $1200 in money; that said township board also held a lot of tools and machinery,

for working the roads of said Center township; that the relators had demanded five-sixths of said money and five-sixths of said tools and machinery, which demand was refused by respondents; and the said alternative writ closed with the usual order to deliver the property and money or to appear and show cause why the same should not be done.

The motion to quash the alternative writ challenges, first, the sufficiency of the facts recited; and, secondly, the failure of the relators to state and allege that they had no other adequate remedy.

The foregoing sufficiently sets out the pleadings and facts for all necessary purposes.

The principal question presented is whether or not article 10, chapter 151, Revised Statutes 1899, and acts amendatory thereto, apply to counties which have adopted or may adopt what is known as the Township Organization law, being chapter 168, Revised Statutes 1899. If not, then the motion to quash the alternative writ was properly sustained on that ground alone, and it is not necessary to seek further. We are of the opinion that article 10, supra, does not apply to counties having township organization. It is true that article 10 of chapter 151 has for its subject and relates to roads, highways and bridges as also does article 14 of chapter 168. In fact, all of chapter 151 relates to roads and highways and article 10 to the organization of special road districts. Article 14 of chapter 168 is the road law in counties having township organization. In reaching the conclusion we have reached, as above, we have noted the origin of the several road statutes and what seems to us the legislative intent at the time, as appears from the statutes themselves. The first reasonably complete draft of chapter 151 appears in Revised Statutes 1835, page 544, although crude fragments thereof previously appeared in the statutes of 1825, volume 2, page 688, and even in previous acts. Chapter 168, including article 14

thereof, first appeared, in substantial form as now, in the laws of 1871-2, at pages 180 to 211, inclusive, which is the original Township Organization law, the act being approved March 18, 1872. Express constitutional authority for a township organization law does not appear until the Constitution of 1875, in sections 8 and 9 of article 9 thereof, although there was no constitutional inhibition against such a law, and the act of 1871-2, neither in spirit nor letter, was violative of constitutional provisions. In 1879, the act of 1871-2 was practically re-enacted (Laws 1879, page 218) and this, with the subsequent amendments thereto, constitute the present chapter 168, or the Township Organization law.

From an examination it will be seen that chapter 151 was first adopted when the legislative mind had no conception of township organization, and upon its face the act clearly discloses the legislative intent to make it apply to counties as a whole and not to subdivisions thereof. No amendments since made to it evince a different intent, but on the contrary each subsequent amendment and change would tend to indicate that the legislative mind had in view a law, the provisions of which should apply to county organization, purely and simply.

On the other hand, chapter 168 and the various acts amendatory thereto and thereof, clearly point to the legislative intent to make this particular code of laws applicable to counties having township organization, as first conceived by the legislative act of 1871-2. The two systems are so widely divergent that one general law cannot be made applicable to both, although each system must of necessity embrace laws touching the same subject, as for instance, roads and highways, as in the statutes under consideration in the case at bar.

On examination of chapter 151, of which article

10 in question is a component part, there will be found provisions which could not be carried into effect in counties having township organization under chapter 168. For instance, section 9619 of article 10 provides for a county court, not for a township board, to levy a poll tax for road purposes, and a property tax for road purposes, such property tax to be not less than ten nor more than twenty cents on the $100 valuation, whereas under section 10324, the Township Organization law, the levy must be made by the township board and not by the county court, and upon property a tax not exceeding twenty cents on the $100 valuation can be levied. The methods of getting the poll tax lists are different; the methods of collecting, and the officers to collect, are different; a contract system is provided for by both statutes, but are so essentially different that the governmental agencies under the one would have no authority under the other.

In the case at bar, if Vernon county did not have township orginization, the county court and other county officers would assess and collect the revenue for this road district, and the levy would be not less than ten nor more than twenty cents on the $100, but under township organization as now in force in Vernon county, there would be in this particular case four distinct bodies fixing the road tax for this one district. The district is made up of territory from four municipal townships. Under the law one township might rightly levy five cents on the $100 valuation for road purposes, the second township levy ten cents, the third township fifteen cents, and the fourth township twenty cents, all being within the purview of the Township Organization act, and legal in so far as that act is concerned. Under this state of affairs property in the same road district, and for one and the same purpose, could be and in many instances would be, assessed differently, which would be clearly a violation of the law and such viola-

tion of law was never contemplated by the lawmaking power. Again we would have fractions of townships operating under different systems of law. In this case five-sixths of Center township would operate under one law and the remaining one-sixth under another law. Five-sixths would be under chapter 151 and one-sixth under chapter 168. The Legislature never had in mind such condition of affairs.

A great number of differences and discrepancies as strong as the foregoing could be pointed out, but these are sufficient. The two systems are so clearly distinctive that one must conclude a legislative intent, from the acts themselves, to make the one applicable to counties having no township organization, and the other to counties having township organization.

Where the legislative intent is clearly gathered from the acts themselves, nothing further need be done by the courts but to declare such intent, and in this instance we hold that the Legislature never intended that article 10 of chapter 151 should in any way apply to counties having township organization. But were it necessary to look beyond the words of the acts for their meaning and construction, we find a clear legislative declaration in section 9696y of the Laws of 1901, page 237. This act was and is amendatory of chapter 151. The section above mentioned is in the words following:

"*Section* 9696y.—*Construction of this Act.* All acts or parts of acts inconsistent with this act are hereby repealed: Provided, that nothing herein contained shall be construed as repealing or altering any law which is or may be in force in counties which have adopted or may adopt township organization, nor as repealing or altering any law which is or may be in force in districts organized as special road districts according to an act entitled 'An act to provide for working and improving the public roads by organization of special road districts,' approved March 9, 1895, nor

as affecting counties in this State which have now or may hereafter have a population of 100,000 inhabitants or more, nor any counties which now have or may hereafter have an assessed valuation of $25,000,000 or more, nor as repealing sections from 9424 to 9445, inclusive, of article 1, chapter 151, of the Revised Statutes of 1899.''

This section is a clear legislative construction showing that the lawmaking power recognized several separate, distinct and different systems of road laws in the State, among them the system of laws provided for in the Township Organization act, for counties adopting the same. Again in 1905 (Laws 1905, p. 278), in section 9696vv, a similar recognition is found as in the act of 1901, supra.

We therefore hold that chapter 151, and all the acts amendatory thereto and thereof, apply to counties not having township organization. It follows that the trial court committed no error in sustaining respondents' motion to quash the alternative writ and the judgment herein should be and is affirmed.

All concur.