THE STATE ex rel. MONETT SPECIAL ROAD DISTRICT v. GEORGE E. HACKMANN, State Auditor.

In Banc, June 14, 1919.

1. **TAXATION:** Uniformity: Road District in Two Counties. A tax of fifty cents upon each one-hundred-dollar valuation levied by a road district partly in one county and partly in another, does not violate the constitutional rule that all taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." It is not to be presumed that inequality will arise because of the fact that property in one portion of the district is to be assessed by the assessor of one county and that in another portion by the assessor of the other county.

2. ———: ———: Under Act of 1917: Not Germane to Issue. Whether a portion of a road district lying in one county may at some future time have to pay a larger road tax than the portion lying

in the other county, owing to the fact that by the Act of 1917 county courts may levy a road tax of not more than twenty nor less than ten cents on the hundred-dollars valuation, is a question not germane to the question of the validity of a uniform tax levied upon all taxable property in the district.

## Mandamus.

ALTERNATIVE WRIT MADE PEREMPTORY.

*T. D. Steele* and *Geo. J. Grayston* for appellant.

(1) The tax levied to pay the interest and discharge the principal of the bonds in question was levied by the Special Road District and operate alike upon all persons and property within the territory of the power which levied the tax and is, therefore, not lacking in uniformity. State ex rel. Moberly Special Road District v. Burton, 266 Mo. 711. Section 3, Article 10, of the Constitution, is designed only to prevent favoritism or discrimination in the levying of taxes, and the tax in question is not open to such objection. Elting v. Hickman et al., 172 Mo. 257; St. Louis v. Bowler, 94 Mo. 634; 37 Cyc. 737. (2) In the absence of evidence to the contrary, the court will presume that assessors comply with the law by assessing property at its actual value. State ex rel. Gottlieb v. Telegraph Company, 165 Mo. 502.

*Frank W. McAllister*, Attorney-General, *Shrader P. Howell* and *Thomas J. Cole*, Assistant Attorneys-General, for respondent.

(1) These bonds, issued in pursuance of the provisions of an Act of March 18, 1911, Laws 1911, pp. 371 and 372, by a road district extended under the provisions of Sec. 10610, R. S. 1909, are invalid and void for the reason that such act and section result in the violation of Section 3 of Article 10 of the Constitution. Sec. 10481, R. S. 1909, as amended, Laws 1913, 667; Laws 1917, sec. 36, p. 457; Raymore Special Road District v. Huber, 212 Mo. 551; State ex rel. v. Gordon, 197 Mo.

55; Carthage Road District v. Ross, 270 Mo. 82. (2) Where the ratio of assessment differs in two counties in which parts of a road district are located, the tax for road purposes levied against the property in such district would result in a violation of Sec. 3, Art. 10, of the Constitution. Knowlton v. Supervisors of Rock County, 9 Wis. 421; Woodbridge v. Detroit, 8 Mich. 301; State v. Karr, 64 Neb. 514; State v. Savage, 65 Neb. 744; Cooley's Constitutional Limitations (7 Ed.), pp. 722-727; 37 Cyc. 742. (3) Whether or not a legislative enactment impinges upon a constitutional provision is to be determined not alone by what has been done thereunder, but by what may under its authority be done. Sterrett v. Young, 82 Pac. 946; Board of Education v. Aldredge, 13 Okla. 208; Stuart v. Palmer, 74 N. Y. 183; Gatch v. Des Moines, 63 Iowa, 722.

WILLIAMS, J.—This is an original proceeding which seeks by mandamus to compel the State Auditor to register road bonds, totaling $50,000, issued by the relator.

There is no dispute as to the facts, neither is there any controversy as to the form of the pleadings. The sole question presented is a constitutional one and only such facts as will throw light upon this one issue need be here stated.

The relator district, as originally organized in 1906, under Article 10, Chapter 151, Revised Statutes 1909, included only the municipal township of Monett, a tract of land four miles square, and all situated in Barry County; the north line of the district being a portion of the north boundary line of Barry County. In 1913, under proceedings had in conformity with the requirements of Section 10610, Revised Statutes 1909, the limits were extended northward into Lawrence County to include an adjoining tract, three miles east-and-west and four miles north-and-south.

On April 18, 1916, a special election was held in said district under the provisions of the Laws of 1911, p.

371, to authorize the bond issue now in question. All statutory provisions relating to the subject were complied with and the bond issue was authorized by the necessary vote. The proper authorities of the road district ordered the issuance of the bonds and "for the purpose of providing a sufficient fund for the payment of the principal and interest of said bonds there was levied upon all the taxable property within" said special road district "a direct annual tax of fifty cents upon each $100 valuation thereof, twenty-five cents of which levy was made for the purpose of paying the interest upon said bonds, and twenty-five cents of which levy was made for the payment of the principal of said bonds." Other necessary steps were taken to provide for the collection of said tax.

The admitted facts, disclosed by the pleadings, show that both the amount of bonded indebtedness authorized and the tax levied to pay for same were within the limits provided by the Act of 1911, and no question is raised on this feature of the case.

The war conditions then prevailing prevented the district from marketing said bonds, but later, on February 5, 1919, and after the authorities of said district had made new orders in the matter, the bonds were issued and offered to the State Auditor for registration.

That portion of respondent's return raising the constitutional question is as follows:

"Because Section 10610, of Article 6, Chapter 102, Revised Statutes 1909, under the terms of which the boundary lines of said relator district as originally organized were extended so as to include land lying and situate in an adjoining county, and the provisions of an act of the Forty-sixth General Assembly of the State of Missouri, entitled, 'an act authorizing special road districts to issue bonds and providing for the payment thereof, with an emergency clause,' approved March 18, 1911, as amended by an act of the Forty-ninth General Assembly, approved April 9, 1917, and under which the said bonds in the sum of fifty thousand dol-

lars were voted, both and each of which said acts are in violation of Section 3 of Article 10 of the Constitution of the State of Missouri, in that, the aforesaid sections and acts, and Section 36 of an act of the Forty-ninth General Assembly of Missouri, approved April 9, 1917, and found at page 457 of the Session Laws of 1917, authorize and result in the levying of a different rate of tax and the collection of a different amount of taxes for road purposes upon that part of such special road district lying and situate in Barry County from that rate levied and the amount of taxes collected for road purposes on that part of said special road district lying and situate in Lawrence County;

"Because that portion of the special district lying and situate in the two respective counties named in relator's petition and alternative writ would be assessed by different assessing officers of different counties and at a different ratio or basis of valuation, which would necessarily result in the violation of the uniformity provision of Section 3 of Article 10 of the Constitution of the State of Missouri."

I. Section 3 of Article 10 of the Constitution is as follows: "Taxes may be levied and collected for public purposes only. *They shall be uniform upon the same class of subjects within the territorial limits of* Uniform *the authority levying the tax,* and all taxes shall Tax. be levied and collected by general laws." (Italics ours).

Respondent contends that the italicized portion of the above section has been violated by this bond issue. We are unable to agree with this contention. The facts disclosed upon the present record show that the tax levied by the proper officers of the special road district to pay the principal and interest of these bonds complied in every respect with the above constitutional provision. An annual tax of fifty cents upon each one hundred dollars' valuation was levied upon *all* the taxable property within said district.

Neither does it appear from this record that any inequality would be brought about by reason of the fact that property in one portion of the district would be assessed by the Assessor of Barry County while the property in the remaining portion of the district would be assessed by the Assessor of Lawrence County. The law that provides for the assessment of property for taxation in Barry County is the same law which provides for like assessment in Lawrence County. The presumption is that both assessors will follow the law and do their duty. [State ex rel. v. Western Union Tel. Co., 165 Mo. 502, l. c. 516.]

Since the above mentioned tax is the *only* tax that is in any manner involved in this proceeding it would appear that a determination of that question should dispose of the case. The respondent, however, while not seriously contending that the rule above announced is not correct, yet by his argument appears to earnestly insist that the invalidity of this bond issue springs from a source entirely different from that discussed above. The question to which reference is here made will be discussed in the following paragraph.

II.   Here the respondent contends (as we understand him) that said bond issue is invalid because Section 10610, Revised Statutes 1909 (the statute which authorized the special road district to extend its limits to include land in two counties), is unconstitutional, in that it violates or results in violating said Section 3, of Article 10 of the Constitution.

Variable Rates of General Tax.

It is not contended that Section 10610, supra, standing alone, violates the above mentioned constitutional provision (and we can well see how this is so when the section in no manner deals with any phase of taxation; but respondent contends that when said Section 10610, and the Act of 1911 (Laws 1911, pp. 371 and 372, being the law authorizing special road districts to issue bonds such as we have in the present suit), and the Act of 1917 (Laws 1917, p. 457), are all read together they present

a situation which upon the happening of certain other contingencies might result in a violation of the above mentioned constitutional provision.

The Act of 1917, to which reference is made, provides that the county courts in counties having a population of less than two hundred and fifty thousand shall levy as a road tax upon all property made taxable by law a tax of not more than twenty cents nor less than ten cents on the hundred-dollar valuation. It is argued that under this act that portion of the land of this road district lying in Barry County might be required to pay a road tax of only ten cents while the land of the district lying in Lawrence County might have to pay a road tax of twenty cents.

The above question is no doubt an interesting one, but as we see it, it lies entirely without the scope of the present suit. The question might properly be discussed in a case involving the validity of a tax levied under the Act of 1917, but the point is not germane to the question of the validity of a *uniform tax levied upon all* the taxable property of the district, under the Act of 1911 (Laws 1911, p. 371), as was the tax involved in the present case, and the point therefore cannot in any manner affect the validity of the present bond issue.

III. State ex rel. v. Gordon, 197 Mo. 55, and Raymore Special Road District v. Huber, 212 Mo. 551, cited and relied upon by respondent, are not in point upon Other the issues presented in this present suit. Those Cases. cases were dealing with the question of whether the statutes concerning special road districts could be applied in forming special road districts in counties which had adopted township organization.

Section 3 of Article 10 of the Constitution is not mentioned in either case. What is said in those cases about taxes was said *arguendo* in an effort to disclose the legislative intent concerning the application of the statute authorizing the organization of special road districts. The question of the validity of a tax to support a bond issue under the Laws of 1911, p. 371, was

not discussed, because the Act of 1911 was not in existence when the above cases were written.

In the Raymore Special Road District case, written by GRAVES, J., who also wrote the case of State ex rel. v. Gordon, we note the following language:

"We are not prepared to say that a valid law may not be passed and made applicable to counties under both systems of our road law discussed in State ex rel. v. Gordon, supra, nor are we prepared to say that the first thirteen sections of this law is not such an act. However, that is not the real issue here, and we reserve our opinion thereon until such opinion is required by a concrete case. " [Id. 1. c. 558.] And again: "It may be that a special road district for the improvement of a public road by special assessment could be created under the act, which district would have the power to collect and expend such revenue, independent of township organization laws, *but we leave that question to a case wherein it is a live issue.*" (Italics ours) [Id. 1. c. 559.]

It would therefore appear that the only question analagous to any issue underlying the validity of the tax involved in the present case was expressly reserved and not determined in those cases. Those cases do not discuss the proposition discussed in paragraph one of this opinion, which question is determinative of this case.

For the reasons expressed in paragraph one above we are of the opinion that the bond issue is a valid one and that they are entitled to registration.

It therefore follows that the alternative writ should be made peremptory. It is so ordered. *Walker, Faris, Blair* and *Graves, JJ.,* concur; *Bond, C. J.,* concurs in result; *Woodson, J.,* not sitting.